Daryl Jay TALBOT, Appellant,

v.

James R. SCHLESINGER, Secretary of Defense, Department of Defense, et al., Appellees.

No. 75–1132.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 21, 1975.

Decided Oct. 2, 1975.

Seymour M. Teach, Norfolk, Va., for appellant.

Edward R. Baird, Jr., Asst. U. S. Atty., and William B. Cummings, U. S. Atty. (on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Daryl J. Talbot sought a writ of habeas corpus to obtain his release from the United States Navy for an alleged breach of his contract of enlistment. He alleged and testified that, as a former Marine and a skilled illustrator with a college degree in art education, he enlisted in the Navy as an Illustrative-Draftsman third class under the Direct Petty Officer Procurement Program on the understanding that he would be assigned

to the same work in the Navy as he was performing in civilian life. The enlistment contract contained a disclaimer of promises and guarantees, but Talbot testified that he was led to believe that they applied only to his choice of geographic duty assignment. After enlistment, Talbot testified that his assignments, including one to the Amphibious Museum at the Little Creek Amphibious Base in Norfolk, Virginia, where his duties consisted of janitorial upkeep of the building, giving guided tours and mowing the lawn, were not within the understandings that he reached, and, for breach of contract, he was entitled to be released from service.

The district court denied the writ on the grounds that Talbot was bound by the disclaimer which he signed and, in any event, the court was not to review his specific assignment.

We conclude that Talbot's appeal is moot and should be dismissed. While at the time of trial Talbot was assigned to Amphibious Museum, we were told in argument, and the facts have been verified subsequent thereto, that Talbot has been reassigned to another berth. His commanding officer states that Talbot is used "as a draftsman in a drafting shop," that he is doing "illustration drafting, art work for briefings, artistic concepts of various equipment and maps and charts," that he is doing essentially what a civilian commercial "illustrator draftsman" would be doing, and that he is performing well and will receive an excellent evaluation. A post-argument written statement from Talbot largely corroborates this advice, although he complains that his duties are not sufficiently challenging to his artistic skills and his full artistic talents which were employed in civilian life are rarely employed in the Navy.

Since it appears that in the main, Talbot's alleged contractual understandings have been fulfilled, we think nothing remains to be decided even if it is assumed that we are free to apply common law principles of contract law to a contract of enlistment. Talbot is assigned and functioning as an Illustrative-Draftsman. We decline to review each work assignment that he receives within that classification.

*Appeal dismissed.*