**Pvt. Robert Kenneth BONNET, USMC, Plaintiff,**

v.

**Lt. Col. E. BYERS, USMC, et al., Defendant.**

No. 78–3293.

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1979.

David L. McKenzie, Oceanside, Cal., on brief for plaintiff.

Michael E. Quinton, Asst. U. S. Atty., San Diego, Cal., on brief for defendant.

Before BROWNING and TANG, Circuit Judges, and MUECKE,* District Judge.

MUECKE, District Judge:

The petitioner, Private Robert Kenneth Bonnet, seeks review of the decision denying his writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which was denied by the district court on the grounds that there had been a minor breach of the enlistment contract which the Marine Corps had cured. Petitioner seeks to have the writ granted and have this court declare his enlistment contract subject to a rescission by the parties for a material breach. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1291 and 2253.

Petitioner, Robert Bonnet, contacted Marine Corps Staff Sergeant Torres at the Marine Corps recruiting station in San Antonio, Texas, on May 17, 1976 for the pur-

* Honorable C. A. Muecke, Chief Judge, United States District Court for the District of Arizona, sitting by designation.

pose of obtaining information regarding job opportunities in the United States Marine Corps' aviation field.

Staff Sergeant Torres explained to the petitioner that there were three subprograms within the aviation field, "Aviation Technology," "Aircraft Maintenance/Ordnance," and "Aviation Administration and Support," and that the petitioner could choose any of the three subprograms. The sergeant further explained to the petitioner that, although the petitioner could pick any of the three subprograms and be assured of placement in the one chosen, he could not be assured of the particular assignment within that subprogram. He was informed that he would receive training and assignment in one of the occupational fields within the subprogram that he chose.

Sergeant Torres advised the petitioner that the Aviation Technology field encompassed avionics, meteorology and air traffic control. He was informed that the Aircraft Maintenance/Ordnance field involved work as a mechanic and the loading of bombs aboard aircraft. Aviation Administration and Support was explained to him to be primarily office work. This interview did not result in the enlistment of the petitioner.

On the following day, May 18, 1976, the petitioner was visited at his home and was enlisted in the Marine Corps after he chose the subprogram designated Aviation Technology and signed the guarantee sheet insuring him placement in that subprogram.

Petitioner was sent to boot camp and successfully completed his basic training. After basic training he was sent to school and assigned to occupational field 65, Aircraft Ordnance.

While on leave after basic training, the petitioner questioned his recruiter and inquired as to why he was being sent to Aircraft Ordnance school, a subprogram that he specifically had rejected. The recruiter informed him that the Marine Corps oftentimes had to assign personnel to schools other than the ones that they had requested for the reason that the ones they had selected were full.

Petitioner Bonnet requested a transfer from Aircraft Ordnance, which was denied, and he then absented himself without authorization from his post of duty. Upon his return to base after some three and one-half months, the petitioner was court-martialed and sentenced to four months hard labor as well as demoted to the rank of private and suffered a forfeiture of pay. Petitioner is not challenging the court-martial proceedings in this action.

Petitioner then applied for an administrative discharge with the Erroneous Enlistment Branch, Headquarters, Marine Corps. Thereafter, the petitioner filed the instant suit seeking relief pursuant to 28 U.S.C. § 2241, requesting the issuance of a writ of habeas corpus, releasing him from the custody of the United States Marine Corps. Evidentiary hearings were held and testimony taken on July 11, 1978, and July 13, 1978, before the Honorable William B. Enright. On July 19, 1978, Judge Enright filed a memorandum decision which stated that the court would decline to render any final decision or take any action until the Marine Corps had been given an opportunity to resolve the issue through its administrative process. The court, however, did retain jurisdiction and continued the matter for a further hearing, which was held on August 23, 1978.

On August 23, 1978, the Court heard evidence which showed that the petitioner had been assigned to a training program, which action was consistent with the views of the court, as expressed in the memorandum decision filed July 19, 1978, wherein the court held that there had been a mutual mistake as to the subject matter of the contract of enlistment between the Marine Corps and Bonnet, and that Petitioner, when selecting the Aviation Technology program, thought that he would not be assigned to either Aircraft Maintenance/Ordnance or Aviation Administration and Support because these were fields that he had specifically rejected.

The court then determined, in an opinion filed August 25, 1978, that the petitioner

was not entitled to rescission since there was only a breach as to nonperformance, which was not so material that it went to the essence of the contract. The court, therefore, denied the petition for habeas corpus, having found that the Marine Corps had cured its minor breach by sending the petitioner to a school that was included in the Aviation Technology program and not inconsistent with the type that the petitioner had envisioned at the time of his enlistment.

It is important to note that the occupational field to which the petitioner was originally assigned was contained within the subprogram that the petitioner had enlisted in. Although it seems apparent that the petitioner did not realize that he could be placed in Aircraft Maintenance/Ordnance through his enlistment in the subprogram of Aviation Technology, the contract did state that the enlistee could be placed in any occupational field within the subprogram. It would appear that there was a unilateral mistake on the part of the petitioner at the time of his enlistment.

The petitioner contends, in his appeal, that there was a breach of his contract that was so material his enlistment contract should be rescinded. His claim centers around the fact that he enlisted in the subprogram designated Aviation Technology and was instead assigned to the Aircraft Maintenance/Ordnance subprogram which he had previously rejected. The government contends that the appeal is not well founded since the lower court determined that this was a breach of contract, and that the issue of materiality amounts to a question of fact which was resolved against the petitioner. We conclude that the appeal is moot and, therefore, express no opinion as to the arguments of the parties.

Determinative of this case is the decision of *Quinn v. Brown,* 561 F.2d 795 (9th Cir. 1977), wherein it was held that where a similar breach had occurred and been cured the case shall be considered moot and the case remanded for dismissal on the grounds of mootness. As is stated in *Quinn,* the case of *Talbot v. Schlesinger,* 527 F.2d 607 (4th Cir. 1975), is persuasively dispositive on the issue of mootness. In *Talbot,* an illustrator, with a college degree in art education, enlisted in the Navy with the understanding that he would be assigned to similar work. Although Talbot's contract contained a disclaimer of any promises or guarantees, he believed that this clause only applied to geographic locations rather than to his possible job assignments. After his enlistment, he was assigned to various jobs, none of which were within his field and, therefore, contrary to his understanding of his enlistment agreement. At the time the case came before the court of appeals for oral argument, the parties informed the court that Talbot had been assigned to a position that was a draftsman position and was now doing the type of work that a civilian commercial illustrator would do. The case was remanded and dismissed as being moot. *Quinn* involved a situation where the enlistee was promised an assignment on the west coast and was instead assigned to duty in Japan. We held that since Quinn had his orders changed prior to his ever having to undertake any duty overseas, the case was moot.

In the instant case, the only claim for breach is based on the alleged contractual understanding of Bonnet that he would not be placed in Aircraft Maintenance/Ordnance. The facts of this case are similar to those in both the *Quinn* and *Talbot* cases and we hold that those cases are controlling on the issue of mootness. As the court in *Talbot* stated, "since it appears that in the main, Talbot's alleged contractual understandings have been fulfilled, we think nothing remains to be decided even if it is assumed that we are free to apply common law principles of contract law to a contract of enlistment." 527 F.2d at 608. Here, the petitioner has now been assigned to an occupational field that is consistent with his contractual understanding and, therefore, has received in the main that which he contracted for—an assignment in the avionics program.

This appeal is dismissed and the case is remanded for dismissal on the grounds of mootness.