**Ronald Alan GAUSMANN, Petitioner-Appellant,**

v.

**Melvin R. LAIRD, Secretary of Defense, et al., Respondents-Appellees.**

**No. 24217.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1969.

Lloyd E. McMurray (argued) of McMurray & Tepper, San Francisco, Cal., for appellant.

J. F. Bishop (argued), Morton Hollander, William Ruckelshaus, Attys., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellees.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Habeas corpus. On November 15, 1965, petitioner enlisted in the United States Army for a period of four years. Item 11 of his enlistment record states "Grade PVT E 1"; Item 13 states "Initial Assignment U.S. Army Europe"; Item 37 states "Remarks, NONE." He signed a contract which expressly provided that all promises made to him were contained in items 11, 13 and 37 of his enlistment record. The contract provided that his "choice of initial assignment shown in items 13 or 37 * * * [of that record] does not constitute any guarantee that my entire enlistment, will be served in that initial assignment. That military necessity may make it necessary to effect my reassignment at any time to any other assignment within the continental United States or an overseas command." The contract also contained a provision for listing all promises, both oral and written that had been made in connection with his enlistment in the regular Army. All that was there listed is "US ARMY EUROPE TERM OF ENLISTMENT 4 YEARS."

After completing basic training and advance infantry training, petitioner was assigned to duty in Europe. About a year later he was ordered transferred to the Oakland Army Terminal for further assignment to the United States Army in Viet Nam.

In his petition for a writ of habeas corpus, petitioner alleges, in substance, that the recruiting Sergeant with whom he talked before he signed the enlistment contract guaranteed that his four-

year enlistment with assignment to Europe meant that he would never be assigned to the war in Viet Nam. He claims that that guarantee was fraudulent and that he is entitled to have the contract rescinded or reformed. At oral argument his counsel asserted that the fraud rendered his enlistment void.

We do not pass upon the question of whether, if petitioner's claims were true, he would be entitled to any relief either in this proceeding or any other. The court heard the testimony of petitioner and of the recruiting Sergeant who was said to have made the guarantee. The court's written opinion states: "At the time of the petitioner's enlistment in the Army it may have been the intention of the Army to retain petitioner at his enlistment assignment, but did not guarantee same." The court further stated: "There is no basis for rescission or reformation of the enlistment contract presented by the petitioner." We have examined the evidence and we find that it fully supports the court's determination that no such guarantee as petitioner now claims was given.

Affirmed.