George Oliver CHALFANT, Jr.,
Plaintiff-Appellant,

v.

Melvin R. LAIRD, Secretary of Defense,
et al., Defendants-Appellees.

No. 24296.

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1969.

Steven M. Kipperman (argued), San Francisco, Cal., for appellant.

J. F. Bishop (argued), Atty., Dept. of Justice, William D. Ruckelhaus, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellees.

Before HAMLEY, CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant, an enlistee in the United States Army, filed a complaint in the district court attacking the validity of his enlistment and seeking to enjoin the Army from requiring him to serve outside Europe or the United States. The district court, after hearing Appellant's testimony, denied relief and dismissed the action.

Appellant urges that (1) the district court erroneously found the facts against him and (2) that the district court had jurisdiction to review military assignments and should have granted him injunctive relief against assignment to Vietnam.

Appellant enlisted in June of 1966, signing enlistment document Form D–44 and the "Statement of Understanding". He was 21 years and 10 months of age and had 2 years of college. The "Statement of Understanding" stated in Part I:

"That my choice of initial assignment shown in items 13 or 37 of the DD Form 4 does not constitute any

guarantee that my entire enlistment will be served in that initial assignment."

In Part II, under a section requiring the listing of any promises made to the enlistee, appellant set forth:

"Europe unassigned 4 years."

Appellant spent five months in training in the United States and was then assigned to Europe from November, 1966 to November, 1968. On November 16, 1968, he was ordered to report to Fort Lewis, Washington, on January 19, 1969 for reassignment to duty in Vietnam. Appellant filed for injunctive relief in the district court. Subsequently appellant requested the Army to cancel his assignment to Vietnam and the request was denied.

The district court heard the case including the oral testimony of appellant as constituting an offer of proof. The district court found "There is no basis for the Court to conclude that there was any fraud practiced upon the petitioner in connection with his enlistment contract; nor were there any false or fraudulent inducements, representations, promises, or guarantees that prompted or caused petitioner to sign his contract of enlistment."

Obviously the court did not credit appellant's sworn testimony. In his original complaint and affidavits petitioner stated that the "guarantee" that he would not be sent to Vietnam was made by Sergeants Thomas *and* French. The Government's motion to dismiss included a statement by Sergeant Thomas in contradiction to appellant's claim. Thomas was thus apparently available to the Army for testimony. But Sergeant French could not be located. Appellant then testified before the court that the supposed "guarantee" was made only by Sergeant French.

Appellant had the capacity to read and understand the "Statement of Understanding" and in absence of fraud or imposition he is bound by its contents. See Dobler v. Story, (9 Cir. 1959) 268 F.2d 274, 277.

This case is controlled by the trial court's findings and we cannot say they were clearly erroneous.

We do not reach the questions counsel press upon us—when and under what conditions may the courts interfere with military duty assignments or other legitimate military orders and directions to service personnel.

The judgment is affirmed.