Philip B. McDONOUGH, Petitioner,
Appellant,

v.

UNITED STATES, Secretary of the
Army, Herbert H. Flather,
Defendants, Appellees.

No. 71-1296.

United States Court of Appeals,
First Circuit.

Heard Dec. 7, 1971.

Decided Dec. 29, 1971.

Anthony McManus, Dover, N. H., for appellant.

Carroll F. Jones, Asst. U. S. Atty., with whom David A. Brock, U. S. Atty., and William B. Cullimore, Asst. U. S. Atty., were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner McDonough, while a member of Army ROTC at the University of New Hampshire, applied for a conscientious objector discharge. This application was, apparently concededly, unlawfully processed, and petitioner was requested to file another. This he did, but before that was processed he was disenrolled from the ROTC program and ordered to report to Fort Knox for active duty in an enlisted capacity. The second application for discharge has never been acted upon.

Petitioner refused to report to Fort Knox, and brought the present petition for habeas corpus alleging the unlawfulness of the proceedings. Although still at home in New Hampshire, he is technically AWOL, not have reported to Fort Knox, and not being recognized as still in ROTC in New Hampshire. The district court, although properly critical of the six months (now twelve months) in which the Army had not processed petitioner's application for conscientious objector discharge, dismissed the petition for lack of jurisdiction, there being, in its view, no one in the state of New Hampshire having custody of petitioner. It is true that the only possible New Hampshire custodian is the local commander of the ROTC unit, who disclaims custody because of petitioner's disenrollment.

In many questioned custody cases which appear similar on the surface to this one, the petitioner's custodian seems as difficult to find as the well-known pea under the shell. In this case, however, we see no such problem. If petitioner's disenrollment from the ROTC program was illegal, as he claims, it should follow that custody remained in his commanding officer. It is a familiar principle that an employee who is wrongfully discharged is still an em-

ployee and that the employer does not cease to remain such. If petitioner's transfer to a new post was improper, the more appropriate solution would be to say that the New Hampshire ROTC Commander remained his custodian, despite the latter's act, which would be a legal nullity. The fact that the substantive question is also the one that is determinative of jurisdiction does not mean that the court lacks power to make a decision. Land v. Dollar, 1947, 330 U. S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209; Sunray DX Oil Co. v. FPC, 10 Cir., 1965, 351 F.2d 395.

Only one consideration, not argued by either party, could give us pause. It is an ambiguity contained in the penultimate sentence of Schlanger v. Seamans, 1971, 401 U.S. 487 at 491–492, 91 S.Ct. 995, 998, 28 L.Ed.2d 251; "Had petitioner . . . been under the command of the Air Force officer assigned as liaison officer at Arizona State to supervise the Education and Commissioning Program, we would have a different question." While this reference could conceivably be to an officer whom petitioner had in fact named as a defendant, and thus, sub silentio, a holding that a custodian could cease to be such through his own wrong, we think it unlikely. The Court had earlier referred to such defendant, not as liaison officer but as "Commander of the AF ROTC program on the Arizona State campus." 401 U.S. at 488, 91 S.Ct. at 997. Petitioner having apparently not named as defendant the custodian at the time of wrongful termination of custody, the Court did not have before it the issue raised here. If, however, the different designations did relate to the same individual, there is nothing to indicate that the instant issue was presented to the Court, or that the Court intended to resolve it without discussion. We therefore reverse and remand to the district court for a determination of the legality of petitioner's disenrollment, and for such further proceedings as may be found necessary.