Thomas F. CASEY, III, Petitioner,

v.

James R. SCHLESINGER, Secretary of Defense, et al., Respondents.

No. 74-C-31.

United States District Court,
N. D. Oklahoma,
Civil Division.

July 17, 1974.

Bruce H. Harlton, Tulsa, Okl., for petitioner.

Robert Santee, Asst. U. S. Atty., Tulsa, Okl., for respondents.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Petitioner is a member of the United States Navy Reserve who has been ordered to a period of involuntary active duty because he failed to attend the required number of Reserve drills. He has filed a Petition for a Writ of Habeas Corpus praying that Respondents be enjoined from removing him from this jurisdiction until the final determination of the Petition and that upon final determination an order be issued by this Court directing Respondents to withdraw Petitioner's orders to involuntary active duty. Among Petitioner's allegations is the assertion that there is no administrative remedy available to him whereby he can obtain relief. Pursuant to the Petition this Court issued an Order requiring Respondents to show cause why Petitioner should not be granted the relief he requested, and Ordering that the Respondents not remove Petitioner from this jurisdiction until further Order is issued by this Court. Respondents have filed a Motion To Dismiss pursuant to Rule 12 (b), Federal Rules of Civil Procedure, alleging that Petitioner has failed to state a claim upon which relief can be granted, that this Court lacks jurisdiction to try the case, and that the Petitioner has failed to exhaust his administrative remedies.

One of the most important limitations on the exercise of Federal jurisdiction is that in a variety of circumstances other available remedies must be exhausted before resort can be had to a Federal Court. Federal Practice and Procedure, Barron and Holtzoff, Section 65. It is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy is exhausted. Myers v. Bethlehem Shipbldg. Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Sears, Roebuck and Co. v. Solien, 450 F.2d 353 (Eighth Cir. 1971).

Although 28 U.S.C. § 2241 requires that the Writ of Habeas Corpus shall not extend to a prisoner unless he is in custody, it is well settled that servicemen are under sufficient restraint of their liberty so as to be in custody for purposes of the statute. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, 291. Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141. The rationale behind this use of the writ is that even though this is an extension of the traditional concept of "custody", control of a person by the Armed Services is a restraint on a man's liberty not shared by the public at large. It has also been held that a reservist ordered to but not yet on active duty is sufficiently in the custody of the military to avail himself of the Writ. McDonough v. United States, 452 F.2d 1075 (First Cir. 1971); Johnson v. Laird, 435 F.2d 493 (Ninth Cir. 1970).

Notwithstanding the availability of the Writ of Habeas Corpus to members of the Armed Services the doctrine of exhaustion of administrative remedies is applicable. It is well settled that the doctrine of exhaustion of administrative remedies applies to cases involving complaints by military personnel and requires them, before coming to Court, to exhaust all available military remedies. Gusik v. Schilder, 340 U.S. 128, 95 L.Ed.

146, 71 S.Ct. 149. Laxer v. Cushman, 300 F.Supp. 920 (D.Mass.1969). This principle applies to cases involving custody due to a Court-martial, Gusik v. Schilder, *supra*, to cases where an inductee is protesting his induction into the military, Morbeto v. United States, 293 F.Supp. 313 (C.D.Cal.1968); United States Ex Rel. Taylor v. Fritz, 323 F. Supp. 673 (S.D.Ia.1971) aff'md 446 F. 2d 36, and to cases in which a member of the Armed Forces is seeking discharge due to conscientious objection, Minasian v. Engle, 292 F.Supp. 543 (C.D.Cal.1967) aff'md 400 F.2d 137; Laxer v. Cushman, *supra*.

██ In the present case the Petitioner has alleged that there is no administrative remedy through which he can seek redress of his alleged wrongs. He is, however, ignoring the Complaint of Wrongs provided by 10 U.S.C. § 938. This section provides:

"Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon."

This section seems to provide a highly appropriate avenue of appeal for the Petitioner. His most material allegations are. directed against his Commanding Officer. He alleges that his Commanding Officer told him, the Petitioner, that if he would start attending drills that the orders to active duty would be dropped. He further alleges that he did thereafter attend drills and that the orders were not dropped. Also it seems that the Commanding Officer is the one who nominated Petitioner for active du-

ty. Furthermore, Petitioner alleges that he was not aware of the consequences of missing drills and it is a command responsibility to keep the men in a unit informed. In light of these allegations which indicate that Petitioner's alleged injury is a result of acts of his Commanding Officer, Petitioner should be required to exhaust this avenue of appeal before this Court will entertain his Habeas Corpus Petition.

If 10 U.S.C. § 938 was not a means whereby Petitioner could obtain relief for the type of injury he alleges, then we would not require him to exhaust this administrative appeal for the law does not require one to do a vain thing. However, several recent cases indicate that 10 U.S.C. § 938 is a means whereby effective relief can be obtained. In Metz v. United States, 304 F.Supp. 207 (W.D.Pa.1969) plaintiff sought an injunction to keep from being called up to involuntary active duty by the Pennsylvania Air National Guard. One of his contentions was that the Air National Guard and Air Force had not given due consideration to his family responsibilities as is required by 10 U.S.C. § 673. The Court dismissed the complaint on its merits and stated in regard to this contention "Plaintiff has failed to demonstrate that he has requested consideration of the same, while in the Pennsylvania Air National Guard or that the Air Force would not entertain a request pursuant to Title 10 U.S.C. § 938." In Fox v. Brown, 402 F.2d 837 (Second Cir. 1968) cert. den. 394 U.S. 938, 89 S.Ct. 1219, 22 L.Ed.2d 471, petitioner contested orders to 45 days of involuntary active duty, one of his contentions being that his orders were invalid because he had not been given the opportunity to appeal from his hearing before the staff judge advocate in which he had contested allegations that he had not attended 90% of the required drills. The Second Circuit stated "there is no merit in this contention. Petitioner himself admits that he has the right to appeal pursuant to 10 U.S.C. § 938." In Schatten v. United States, 419 F.2d 187 (Sixth Cir. 1969) a Marine Corps Reservist was ordered to involuntary active

duty. He had attempted to exercise the rights provided by 10 U.S.C. § 938 but the actions of his superiors had led him to believe that this avenue was not open to him. The District Court denied the reservist's Petition for a Writ of Habeas Corpus. The Sixth Circuit remanded the case to the District Court and ordered that Court to order the Marine Corps to allow the appellant to avail himself of the established procedures for review and furthermore that the orders to active duty be stayed until the review procedures of the Marine Corps were completed.

These cases show that 10 U.S.C. § 938 is considered an important and effective means of administrative review. Petitioner has not shown the exhaustion of this administrative remedy. Therefore the Petition for a Writ of Habeas Corpus should be dismissed without prejudice and the Temporary Restraining Order previously issued by this Court dissolved. Counsel for Defendant will prepare a judgment consistent with this opinion and submit the same to this Court within 10 days of the date hereof.