Charles A. KARLIN

v.

W. Graham CLAYTON, Jr., Secretary of
the Navy, and Vice Adm. W. P. Arent-
zen, M.D., U.S.N., Surgeon General, Bu-
reau of Medicine of the Navy.

Civ. A. No. 79–2175.

United States District Court,
D. Kansas.

Feb. 6, 1981.

Thomas A. Hamill, Hamill, Lentz, Neill & Dwyer, Shawnee Mission, Kan., for plaintiff.

James P. Buchele, U. S. Atty., Douglas B. Comer, Asst. U. S. Atty., D. Kansas, Kansas City, Kan., for defendant.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This case comes before the Court for determination of defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

On December 1, 1972, plaintiff agreed to participate in the Armed Forces Health Professions Scholarship Program. This program, which was created by Congress at 10 U.S.C. § 2120 *et seq.*, provides for scholarship assistance for medical students in exchange for one year of active duty for each year that student received scholarship assistance. Plaintiff and Navy recruiters, on behalf of the United States, entered into a written agreement pursuant to the Health Professions Scholarship Program. In the agreement, plaintiff, among other things, certified that he had read the agreement and understood it, and that no other oral or written promises were made to him in connection with his application for the program. At some point after he signed the agreement, plaintiff accepted a commission in the United States Naval Reserves. Upon his completion of medical school at the University of Kansas, plaintiff obtained yearly deferments of his active duty obligation in order to complete his residency training in radiology, for a total of four years deferment.

Beginning in 1974, plaintiff corresponded with the Department of the Navy about alleged misrepresentations made to him by Navy recruiters, and on September 2, 1974, he stated that he wished to resign his commission "because of the misunderstandings," and that he was "ready to remit all costs in total the Navy incurred for [his] education thus far." (Exhibit D attached to plaintiff's complaint.) The Surgeon General of the Navy replied to plaintiff that, although he may have been misled, the Bureau of Medicine and Surgery could not support his withdrawal from the scholarship program. (Exhibit E attached to plaintiff's complaint.)

On June 24, 1976, plaintiff, through his attorney, declared the original agreement with the Navy null and void as a consequence of the Navy's alleged breach of the agreement. Plaintiff continued applying for and receiving deferments to pursue his residency training at a civilian institution while still maintaining that he had validly rescinded the agreement upon learning of defendants' breach.

On September 16, 1978, plaintiff filed his application for correction of records with the Board for Correction of Naval Records, under the provisions of 10 U.S.C. § 1552. On June 1, 1979, the Department of the Navy ordered plaintiff to active duty. Plaintiff filed this lawsuit on June 25, 1979. Plaintiff was granted a preliminary injunction, restraining defendants from ordering plaintiff to active duty pending the determination of plaintiff's administrative application to the Board and pending the determination of this action. The administrative record is not before this Court, but according to defendants' answer the Board denied plaintiff's application on July 9, 1979.

Movants argue that plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed because this Court lacks jurisdiction for a *de novo* review of plaintiff's claims, which have al-

ready been denied by the Board for Correction of Naval Records. Movants assert that the denial by the Board constitutes "action taken by an administrative body upon a matter which is so far committed to its jurisdiction and the exercise of its discretion by the provisions of 10 U.S.C. § 1552 so as to preclude *de novo* consideration of plaintiff's claims in this court...." In addition, movants argue that plaintiff has not shown a waiver of sovereign immunity.

In his complaint, plaintiff alleges that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 2201 and § 2202, Rule 57, F.R.Civ.P., 28 U.S.C. § 1361, 28 U.S.C. § 1346, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Although not listing it in the complaint, plaintiff does argue in two out of three briefs opposing defendants' motion to dismiss that the Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241. Briefs for both parties also discuss the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, as a possible basis for federal court jurisdiction.

■ There is a presumption against federal jurisdiction because the federal courts are courts of limited jurisdiction dependent on the Constitution or a specific statute. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Because of the presumption against federal court jurisdiction, the existence of such jurisdiction must be affirmatively shown by the party invoking the jurisdiction of the federal court. *Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir. 1974).

### 28 U.S.C. § 2201 and § 2202

■ The Declaratory Judgments Act, 28 U.S.C. § 2201 and § 2202, confers only a remedy; an independent basis for federal court jurisdiction must be established. *Fry Brothers Corp. v. Department of Housing and Urban Development*, 614 F.2d 732, 733 (10th Cir. 1980). Rule 57, F.R.Civ.P., merely states the procedure for obtaining a declaratory judgment and provides that the existence of another adequate remedy does not preclude declaratory relief. There is nothing in Rule 57 which would confer jurisdiction on this Court.

### 28 U.S.C. § 1361

■ The Mandamus Act, 28 U.S.C. § 1361, cannot be relied on as an independent basis of federal court jurisdiction. The Honorable Richard D. Rogers of this Court has stated, in *Craig v. Colburn*, 414 F.Supp. 185, 193 (D.Kan.1976):

"... 28 U.S.C. § 1361 merely broadens the venue in which actions against a United States officer can be properly brought. It does not waive the sovereign immunity of the United States in mandamus actions. It does not confer an independent basis of jurisdiction but rather merely supplies a permissible remedy in actions otherwise properly brought on independent jurisdictional grounds...." [Citations omitted.]

### 28 U.S.C. § 1346

The Tucker Act, 28 U.S.C. § 1346(a)(2), provides in part:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, ..."

■ Plaintiff's complaint alleges that plaintiff "will suffer and is presently suffering irreparable injury in excess of $10,000.00...." Congress has waived its sovereign immunity and has consented to suits against the United States in contract actions. Under the Tucker Act, the district courts have jurisdiction only for those claims under $10,000. Under 28 U.S.C. § 1491, the Court of Claims has exclusive jurisdiction of claims exceeding $10,000. *See United States v. Adams*, 634 F.2d 1261, 1266 (10th Cir. Nov. 10, 1980).

Furthermore, although plaintiff's complaint alleges injury in excess of $10,000, plaintiff is seeking only declaratory and injunctive relief, and not money damages. The United States Supreme Court has held that "[t]he Tucker Act empowers district courts to award damages, but not to grant injunctive or declaratory relief." *Lee v. Thornton*, 420 U.S. 139, 140, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975).

*5 U.S.C. § 701 et seq.*

■ The Administrative Procedure Act in 5 U.S.C. §§ 702–703 waives sovereign immunity against the United States in federal court for specific relief arising out of federal agency action. However, the APA does not create independent subject matter jurisdiction permitting judicial review of agency action. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Counsel for plaintiff has failed to establish an independent jurisdictional basis for review of the decision by the Board for Correction of Naval Records, except habeas corpus jurisdiction, which is discussed below.

*28 U.S.C. § 1331*

28 U.S.C. § 1331(a) provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity."

Plaintiff asserts in his complaint that his cause of action arises under the Constitution of the United States in that defendants have violated plaintiff's right to due process under the Fifth Amendment, as well as his right to freedom from involuntary servitude under the Thirteenth Amendment. In plaintiff's third brief he maintains that a federal question exists by virtue of the statute which created the Armed Forces Health Professions Scholarship Program, 10 U.S.C. § 2120 *et seq.* Plaintiff claims defendants have acted beyond their statutory authority in misrepresenting certain aspects of the scholarship program.

To bring a case under 28 U.S.C. § 1331, a plaintiff must have a substantial claim founded directly on federal law. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The Supreme Court described the conditions of a suit which may be said to "arise under" the laws of the United States. The Court said that the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be disclosed on the face of the complaint. In *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1381 (10th Cir. 1978), *cert. denied* 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979), the Tenth Circuit Court of Appeals set out the test for determining whether a complaint asserts on its face a substantial federal question:

"A case 'arises' under the laws of the United States if it clearly and substantially involves a dispute or controversy respecting the validity, construction or effect of such laws which is determinative of the resulting judgment. *Shulthis v. McDougal*, 225 U.S. 561 [32 S.Ct. 704, 56 L.Ed. 1205], . . . (1912). Thus, if the action is not expressly authorized by federal law, does not require the construction of a federal statute and/or regulation and is not required by some distinctive policy of a federal statute to be determined by application of federal legal principles, it does not arise under the laws of the United States for federal question jurisdiction. *Lindy v. Lynn*, 501 F.2d 1367 (3rd Cir. 1974)."

■ The Court finds that this action does not arise under the laws of the United States under the standards enunciated in *Mountain Fuel*. The complaint discloses that this action involves the contract allegedly entered into by plaintiff and the United States Navy. Plaintiff is attacking the validity of that contract, claiming that the written agreement he signed was void

*ab initio* because of misrepresentations made to him by Navy recruiters.

Contractual obligations are created by state law. *See Gully,* 299 U.S. at 114–115, 57 S.Ct. at 98–99. In deciding a case under its habeas corpus jurisdiction, the Fifth Circuit Court of Appeals stated: "[C]laims that enlistment contracts are invalid or have been breached are decided under traditional notions of contract law." *Peavy v. Warner,* 493 F.2d 748, 750 (5th Cir. 1974). Other courts, in considering the validity of enlistment contracts where misrepresentation by military recruiters is alleged, have applied contract principles. *E. g., Quinn v. Brown,* 561 F.2d 795 (9th Cir. 1977); *Reamer v. United States,* 532 F.2d 349 (4th Cir. 1976); *Talbot v. Schlesinger,* 527 F.2d 607 (4th Cir. 1975); *Shelton v. Brunson,* 465 F.2d 144 (5th Cir. 1972); *Gausmann v. Laird,* 422 F.2d 394 (9th Cir. 1969); *Chalfant v. Laird,* 420 F.2d 945 (9th Cir. 1969); *Dubeau v. Commanding Officer, Naval Reserve,* 440 F.Supp. 747 (D.Mass.1977); *Novak v. Rumsfeld,* 423 F.Supp. 971 (N.D.Cal. 1976); *Bemis v. Whalen,* 341 F.Supp. 1289 (S.D.Cal.1972). These military enlistment contracts were also made under the authority of federal statutes and regulations, but did not require the construction of such statutes or regulations or the application of federal legal principles. The Court finds that this complaint states a cause of action in contract and that it does not present a substantial federal question.

█ The Court further finds that plaintiff's claim of subjection to involuntary servitude in violation of his rights under the Thirteenth Amendment is without merit. Likewise, plaintiff does not elaborate on how his constitutional rights under the Fifth Amendment have been violated. The Court finds that plaintiff has not established the existence of a substantial federal question to allow this Court to exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### 28 U.S.C. § 1343

█ 28 U.S.C. § 1343 creates jurisdiction in the district courts to hear certain cases. However, it creates no separate rights, but instead confers a remedy for enforcement of rights arising under the Constitution or federal law. *See Howard v. State Department of Highways of Colorado,* 478 F.2d 581, 585 (10th Cir. 1973). The Court finds that plaintiff has alleged no conspiracy as mentioned in 42 U.S.C. § 1985, no deprivation of his rights under color of state law, and no violation of any Act of Congress providing for the protection of civil rights. Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1343.

### 28 U.S.C. § 2241

In his complaint, plaintiff has not alleged 28 U.S.C. § 2241 as a basis for this Court's exercise of jurisdiction over this action. Section 2241 delineates the power of various courts to grant writs of habeas corpus. Although the statute is not cited in plaintiff's complaint, and plaintiff has not formally applied for a writ of habeas corpus, in two of the briefs submitted to the Court on the subject of jurisdiction (Docket Entries No. 12 and No. 17) plaintiff argues that 28 U.S.C. § 2241 applies to the instant case. It is accepted that "federal jurisdiction may be sustained on the basis of a statute not relied on or alleged in the pleadings." *May v. Supreme Court of State of Colorado,* 508 F.2d 136 (10th Cir. 1974), *cert. denied* 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975).

28 U.S.C. § 2241(c) provides in part:

"(c) The writ of habeas corpus shall not extend to a prisoner unless—

"(1) He is in custody under or by color of the authority of the United States . . ."

The United States Supreme Court has held that "[w]hile the Act speaks of 'a prisoner' . . ., the term has been liberally construed to include members of the armed services who have been unlawfully detained, restrained, or confined." *Schlanger v. Seamans,* 401 U.S. 487, 489, 91 S.Ct. 995, 997, 28 L.Ed.2d 251 (1971).

Defendants admit that § 2241 is a waiver of sovereign immunity, but argue that it does not apply to this case because plaintiff is not being unlawfully detained by the order to active duty within the meaning of the statute. It has been held that a reservist ordered to, but not yet on, active duty is sufficiently in the custody of the military for purposes of a writ of habeas corpus. *Hammond v. Lenfest*, 398 F.2d 705 (2nd Cir. 1968); *Johnson v. Laird*, 435 F.2d 493 (9th Cir. 1970); *McDonough v. United States*, 452 F.2d 1075 (1st Cir. 1971); *Kern v. Laird*, 335 F.Supp. 824 (D.Colo.1971); *Casey v. Schlesinger*, 382 F.Supp. 1218 (N.D.Okl. 1974); *Singer v. Secretary of Air Force*, 385 F.Supp. 1369 (D.Colo.1974).

 Defendants claim that habeas corpus relief is available only to test unlawful restraint and not to test voluntary, lawful custody. However, as the Court sees it, plaintiff contends that the restraint *is* unlawful, and it is precisely that controversy of which he is seeking a court resolution. The Tenth Circuit Court of Appeals has held that "a claim alleging breach of an enlistment contract is not an internal military affair and is properly reviewable in the civilian courts." *Lundgrin v. Claytor*, 619 F.2d 61, 62–63 (10th Cir. 1980). If it is the province of civilian courts to construe the rights and obligations arising under an enlistment contract, such courts should certainly be able to determine the initial validity of those contracts.

For the foregoing reasons, the Court finds that plaintiff has failed to establish the existence of jurisdiction in this Court with the exception of possible habeas corpus jurisdiction. Plaintiff has not formally filed an application for a writ of habeas corpus. The Court is unable to determine from the file whether plaintiff is "in custody" in the District of Kansas for habeas corpus purposes, or whether his "custodian" is a defendant in this action and within the territorial jurisdiction of this Court. *See Strait v. Laird*, 406 U.S. 341, 343, 92 S.Ct. 1693, 1694, 32 L.Ed.2d 141 (1972). Therefore, plaintiff is hereby given twenty (20) days from the date of this Memorandum and Order in which to amend his complaint to include an application for a writ of habeas corpus and to add any necessary defendants. Defendants are then given ten (10) days after service of any amended complaint to make a return in accordance with 28 U.S.C. § 2243. If no action is taken by plaintiff within twenty days, this action will be dismissed.

IT IS THEREFORE ORDERED that plaintiff amend his complaint within twenty (20) days of the date of this Memorandum and Order or the action will be dismissed.

IT IS FURTHER BY THE COURT ORDERED that defendant make a return pursuant to 28 U.S.C. § 2243 within ten (10) days, certifying the true cause of detention and showing cause why the writ should not be granted.