# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-2030

ROBERT R. DAVENPORT, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   December 17, 2002  )

*Robert R. Davenport, pro se.*

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, all of Washington, D.C., were on the pleadings for the appellee.

Before FARLEY, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*:  The pro se appellant seeks review of a September 14, 1999, Board of Veterans' Appeals (Board or BVA) decision that denied Department of Veterans Affairs (VA) educational assistance benefits [hereinafter "education benefits"] under chapter 1606 of title 10, U.S. Code, for periods of enlistment after November 30, 1997.  Record (R.) at 3.  The appellant filed a brief, and the Secretary filed a motion for summary affirmance.  The Court ordered supplementary briefing in October 2001, to which both parties have responded.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will affirm the Board decision.

## I. Relevant Background

The veteran served honorably on active duty in the U.S. Navy from November 1972 until January 1977, including service in Vietnam.  R. at 9, 11.  After his discharge, he received VA

education benefits pursuant to 38 U.S.C. § 3451, *et seq.*, to attend law school from January 1977 to June 1979, to take a bar-examination review course from June through July 1979, and to attend business school from September 1982 to May 1984. *See Davenport v. Brown (Davenport I)*, 7 Vet.App. 476, 477 (1995) (located at R. at 32). By this point, the veteran had used 45 months of the maximum of 48 months allotted for education benefits under chapter 34 of title 38, U.S. Code. *Ibid.*; R. at 4; Appellant's Brief (Br.) at 2; Secretary's Motion (Mot.) at 3. In June 1991, he entered the U.S. Army Reserves and obligated himself to six years of service, including service in the Persian Gulf War. R. at 26. In September 1992, he signed a form entitled "Selected Reserve Educational Assistance Program (GI Bill) Notice of Basic Eligibility", which provided in pertinent part:

> 2. NOTICE OF BASIC ELIGIBILITY
> You meet the eligibility criteria for the . . . program . . . as follows:
> a. During the period of ***July 1, 1985[,] through June 30, 1988,*** you have agreed to serve six years in the Selected Reserve. . . .
> . . . .
>
> 3. INELIGIBILITY
> Members of the Selected Reserve ***who have completed a course of instruction required for a bachelor's degree or*** have the equivalent evidence of completion of study . . . are ***in***eligible for benefits described in Paragraph 5.
>
> . . . .
>
> 5. MONTHLY ENTITLEMENTS
> You are entitled to a monthly benefit in pursuit of a program of education ***leading up to an undergraduate degree or*** the equivalent evidence of completion of study as defined by the [Veterans'] Administration . . . .

R. at 28 (emphasis added).

Pursuant to that Selective Reserve GI Bill program, the veteran applied in August 1995 for VA education benefits for a certificate program in professional screenwriting. R. at 51-53. This application was approved (R. at 56-57, 67-68, 72-73), and the veteran received more than 26 months of VA education benefits until VA terminated those benefits as of November 30, 1997. R. at 77. After the veteran inquired about the termination (R. at 75), VA responded that he had previously

2

used 45 months of entitlements under the chapter 34 benefits program and that, because his entitlement was limited to "48 months of combined education[] benefits", he was "only entitled to 3 months of [c]hapter 106 benefits". R. at 79. Although VA determined that he had been overpaid benefits, his notice letter indicated that he would not be required to "repay this debt" because the error was not his. R. at 79; *see* R. at 81. For reasons that are not clear from the record on appeal (ROA), the veteran was later asked to repay this debt. R. at 149. The veteran filed a claim for waiver of the debt and for additional benefits under chapter 106 (currently codified at chapter 1606) of title 10, U.S. Code (*see* R. at 153); waiver was granted in September 1998 (R. at 158, 160), and the veteran appealed to the Board the denial of education benefits under chapter 106 for periods of enrollment after November 30, 1997.

In the BVA decision here on appeal, the Board denied chapter 1606 education benefits to the veteran for periods of enrollment after November 30, 1997. R. at 3. The Board reasoned that it was constrained by the law limiting to 48 months "the aggregate period for which an individual may receive benefits under [c]hapter 1606, [t]itle 10, [U.S.] Code, and [c]hapter 34, [t]itle 38, [U.S.] Code". R. at 4 (citing 38 U.S.C. § 3695(a)). The Board determined that the veteran had received, between 1995 and 1997, 23 months of education benefits to which he was not entitled and that he could not receive, under the law, any additional education benefits. R. at 4. In response to the veteran's contractual arguments, the Board asserted that "VA is not a party to the contract the veteran signed . . . , and[,] therefore, it has no contractual duties related thereto". R. at 4. In response to the veteran's argument that he had received notice from VA that he had "9 months and 21 days of remaining entitlement", the Board concluded that even if that statement were true, the Board is "not authorized to award payment of benefits where statutory requirements for such benefits are not met". R. at 5 (citing *Harvey v. Brown*, 6 Vet.App. 416, 424 (1994), and *Shields v. Brown*, 8 Vet.App. 346, 351 (1995)). In response to the veteran's argument that 38 C.F.R. § 21.4020(b) (1998) permitted payment of the benefits that he sought, the Board determined that VA had not awarded extended benefits under this discretionary provision and that, even if such benefits were proper, that provision would not permit a "full 36 months of [c]hapter 1606 benefits". R. at 5. Finally, the Board rejected the veteran's argument that the 48-month limitation was not intended to apply to veterans "who have multiple periods of non[]continuous service, in different service branches, during different periods

3

of war" by referring again to the statute and stating that there is "no legal basis for an award of any additional education benefits". R. at 5-6 (citing 38 U.S.C. § 3695(a)).

## II. Analysis
### A. Parties' Contentions

In his principal brief, the appellant largely reiterates arguments that he had made before the Board. He argues that the "government has the authority, under the same statute which [it] is claiming [imposes] a 48[-]month limit on training, to waive that 48[-]month limit on training" and that VA is "guilty of breach of contract" because the appellant had already satisfied his part of the agreement when VA "terminat[ed]" the contract. Br. at 4-5. In support of his contractual arguments, the appellant asserts that (1) because "there is no lack of specific detail in th[e] enlistment contact", the omission of such a "material" term regarding the "48[-]month limit" indicates that it is not part of the contract, and (2) VA, "acting as the agent for the Department of the Army", the party to the contract, "is now estopped from adding a new term to the enlistment contract". Br. at 6-7. Furthermore, the appellant argues that the statutory provision limiting the period of entitlement to 48 months applies only to the ten-year period in which the benefits may be used and that, if "a veteran subsequently enters the service for a different war, and obtains a new ten[-]year entitlement period under another statute, he logically also obtains the right to accrue up to 48 months of educational entitlement to be used during that new ten[-]year period". Br. at 8. The appellant also argues that the 48-month limit was not meant to apply to *separate* periods of service. Br. at 10-12.

In his motion for summary judgment, the Secretary argues that 38 U.S.C. § 3695(a) and 38 C.F.R. § 20.4020(a)(4), (a)(5) mandate that the veteran cannot, absent waiver, receive more than 48 months of benefits, and that the instant appeal "does not involve any determination that the [a]ppellant was not entitled to [c]hapter 31 benefits in excess of the 48-month limitation, so [section] 3695(b) is not relevant". Mot. at 6. In response to the appellant's breach-of-contract arguments, the Secretary asserts that "VA is not a party to any contract that the [a]ppellant may have signed with the Army in 1991, so his remedy, if one exists, lies against the Department of the Army". Mot. at 8. Furthermore, the Secretary argues that the appellant cites no authority for his arguments regarding congressional intent with respect to both the "10-year rule" and the 48-month limitation applying

4

only to veterans serving a "single period of military service". Mot. at 8-9. The Secretary also argues that the veteran's arguments raised to the Board regarding detrimental reliance have been abandoned on appeal. Mot. at 9 (citing R. at 4-5 for appellant's argument and *Ford v. Gober*, 10 Vet.App. 531, 535-36 (1997); *Degmetich v. Brown*, 8 Vet.App. 208, 209 (1995); and *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993), for abandonment law). Based on the authority cited by the Secretary, the Court agrees and considers that argument abandoned. *See Ford*, *Degmetich*, and *Bucklinger*, all *supra*.

After the parties filed these pleadings, the Court issued a briefing order, requesting that the parties respond to the language in the enlistment contract (quoted above) that states that "[m]embers of the Selected Reserve *who have completed a course of instruction required for a bachelor's degree or* have the equivalent . . . are *in*eligible for benefits" and that entitlements are for education "*leading up to an undergraduate degree or* the equivalent". *Davenport v. Principi*, No. 99-2030, 2001 WL 1182699 (Vet. App. Oct. 1, 2001) (citing R. at 28).

In response to the Court order, the appellant asserts that the government form containing the terms of the contract was created in 1985 and that, pursuant to an amendment to 10 U.S.C. § 16131, the rule that such benefits are only for the pursuit of a baccalaureate degree or an equivalent program was abolished after the creation of that form. Response (Resp.) at 1-2 (citing Pub. L. No. 101-189 § 642(a), 103 Stat. 1352 (1989) (codified as amended at 10 U.S.C. § 2131(c)(1), later renumbered at 10 U.S.C. § 16131(c)(1))). The appellant argues that because "the statute is crystal clear", he is "entitled to the [c]hapter 106 benefits". Resp. at 2. In the Secretary's response, he argues that the public law to which the appellant referred did not actually amend the statute as the appellant suggested, but instead retained the restriction that the benefit pertain to only baccalaureate-degree or equivalent programs. Resp. at 1-2. Furthermore, the Secretary contends that the effective date of that provision, September 30, 1990, "would have included potential benefits sought by the [a]ppellant". Resp. at 2. Citing a November 1993 amendment that struck the limiting language and provided a new subsection that specifically permits benefits for post-baccalaureate-degree programs "subject to the availability of appropriations", the Secretary argues that this amendment is the one that does what the appellant asserts that the prior public law did, but the Secretary contends that the amendment is not applicable to the appellant's claims because, pursuant to *Ryan v. West*, 13 Vet.App.

5

151, 156 (1999), and *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994), it "cannot be read to have retroactive effect". Resp. at 2-3. The Secretary concludes that even if the Court determines that *Landgraf* does not apply, "the [a]ppellant is otherwise precluded from entitlement to the benefit he now seeks by virtue of the aggregate period allowed by law for the receipt of such benefits". Resp. at 3 (citing, inter alia, 38 U.S.C. § 3695(a)).

The appellant filed a reply, in which he argues that irrespective of whether the law was amended in 1989 or in 1993, the Secretary's argument regarding retroactivity is irrelevant, because the veteran "did not enroll in the program of graduate instruction until 1996". Reply at 2. The appellant contends that the fact that he received approximately two years of benefits for his graduate study program "is direct and definitive proof that such benefits were payable". Reply at 2. In addition, the appellant argues that Congress intended, with the Reserve GI Bill, to provide an incentive for college graduates who had already used their "Regular GI Bill" benefits to attend college to now join the Reserves, and that all material terms should have been in the contract because "[y]ou cannot expect every veteran, when reading an enlistment contract, to also read the entire U.S. Code". Reply at 3.

### B. Court's Disposition

Section 16131(a) directs military departments to "establish and maintain a program to provide educational assistance to members of the Selected Reserve of the Ready Reserve of the armed forces" for members who serve at least six years. 10 U.S.C. § 16131(a); *see* 10 U.S.C. § 16132. Section 16131(b) provides that "each educational assistance program established under subsection (a) shall provide for payment by the Secretary concerned, through the Secretary of Veterans Affairs, to each person entitled to educational assistance under this chapter who is pursuing a program of education of an educational assistance allowance at the following rates"; the statute then sets forth the applicable rates. 10 U.S.C. § 16131(b)(1). Section 16131(h) provides: "A program of education in a course of instruction beyond the baccalaureate degree level shall be provided by this chapter, subject to the availability of appropriations." 10 U.S.C. § 16131(h).

Section 3695 of title 38, U.S. Code, provides in pertinent part:

(a) The aggregate period for which any person may receive assistance under two or more of the provisions of law listed below may not exceed 48 months (or the part-time equivalent thereof):

6

. . . .

(4) Chapters 30, 32, 34, 35, and 36 of this title, and the former chapter 33.

(5) Chapters 107, 1606, and 1611 of title 10.

. . . .

(b) No person may receive assistance under chapter 31 of this title in combination with assistance under any of the provisions of law cited in subsection (a) of this section in excess of 48 months . . . unless the Secretary determines that additional months of benefits under chapter 31 of this title are necessary to accomplish the purposes of a rehabilitation program . . . in the individual case.

38 U.S.C. § 3695; *see* 38 C.F.R. § 21.4020 (2002).

"'The starting point in interpreting a statute is its language'", *Lee (Raymond) v. West*, 13 Vet.App. 388, 394 (2000) (quoting *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993)); "if the intent of Congress is clear, that is the end of the matter." *Cacatian v. West*, 12 Vet.App. 373, 376 (1999) (citing *Gardner v. Brown*, 5 F.3d at 1456); *see also Meeks v. West*, 12 Vet.App. 352, 354 (1999) ("Principles of statutory construction require that, where a statute has a plain meaning, a Court shall give effect to that meaning[;] . . . each part or section should be construed in connection with every other part or section so as to produce a harmonious whole." (internal quotations and citations omitted)). "In determining the plain meaning of statutory language, 'legislative purpose is expressed by the ordinary meaning of the words used.'" *Jones (McArthur) v. Brown*, 41 F.3d 634, 638 (Fed. Cir.1994) (quoting *Ardestani v. INS*, 502 U.S. 129, 136 (1991)).

Here, the plain language of section 3695(a) prohibits the award of benefits for an aggregate period of more than 48 months for education benefits under chapter 34 of title 38 and chapter 1606 of title 10. 38 U.S.C. § 3695(a)(4), (5). Before he enrolled in the Army Reserves, the veteran had used 45 months of chapter 34 education benefits, the maximum amount available to him under 38 U.S.C. § 3461(c), with which he had attended law school, taken a bar-review course, and attended business school. *See Davenport I*, 7 Vet.App. at 477 (located at R. at 32). At that point, he also had used 45 of the 48 months of education benefits allowed by 10 U.S.C. § 16131. Under the plain

language of the statute, the veteran was thereafter entitled to receive only three months of chapter 1606 benefits. 38 U.S.C. § 3695(a). Therefore, the Secretary is correct (Mot. at 5) that the veteran has received more than 23 months of education benefits to which he was not entitled under the plain statutory language. 38 U.S.C. § 3695(a); *see* R. at 77, 56-57, 67-68, 72-73. Because the Court holds that the appellant is not eligible, under the statute, for education benefits payable for periods of enrollment after November 30, 1997, the Court need not reach the issue regarding the baccalaureate-degree limitation in the statute and whether such a statutory limitation applies to the veteran's claims for benefits.

The appellant argues that, pursuant to the same statute under which VA may impose the 48-month limit, VA has the authority to waive that limit. Br. at 4. The statute does not, however, provide for such a waiver; rather, the waiver to which the appellant refers is contained in 38 U.S.C. § 3695(b) and 38 C.F.R. § 21.4020(b) and pertains solely to the waiver of a 48-month limit "on combining assistance received ***under [c]hapter 31*** [(vocational rehabilitation)] with assistance under another program". 38 U.S.C. § 3695(b); 38 C.F.R. § 21.4020(b). Because the appellant is not seeking "additional months of benefits under chapter 31", these sections are irrelevant to the instant claim. As to the appellant's arguments that Congress intended the 48-month limitation on beneficiaries under chapters 34 and 1606 to apply to only "those veterans whose <u>single</u> period of military service qualified them for both of these programs" (Br. at 10), the Court holds that the plain language of the statute that limits "[t]he aggregate period for which ***any person*** may receive benefits under two or more of [these] provisions of law" applies, as the statute plainly states, to "any person", regardless of the number of service periods that person has had. *See Jones (McArthur)* and *Ardestani*, both *supra*. Moreover, the Court notes that, even were we to hold that the statute is ambiguous, which we do not, the appellant has cited no legislative history to support his interpretation of the statutory language. In essence, he has raised policy arguments, which are not the province of this Court to consider. *See* 38 U.S.C. §§ 7252, 7261(a).

As for the appellant's arguments that VA, "acting as an agent for the Department of the Army", breached its "contract" with him to provide education benefits in return for his service (R. at 28; Br. at 4-7), the Court has previously held in *Harvey v. Brown* that, even ***if*** it had determined that common-law contract principles applied to the enlistment agreement there at issue, "the remedy for

[such a contract] breach in this case cannot be the relief that the veteran seeks, a direction by the Court that the unauthorized enlistment contract be honored through specific performance, ***because the veteran is not eligible to receive such benefits under statutory law***." *Harvey*, 6 Vet.App. 416, 424 (1994) (emphasis added) (citing *United States v. Larionoff*, 431 U.S. 864, 869 (1977) (holding that where question is breach of enlistment-extension bonus agreement, courts should refer to statutes and regulations rather than ordinary contract principles); *Bell v. United States*, 366 U.S. 393, 401 (1961) ("[c]ommon law rules governing private contracts have no place in the area of military pay"); *Peavy v. Warner*, 493 F.2d 748, 750 (5th Cir.1974) (deciding claim that enlistment-extension contract was invalid or was breached under traditional notions of contract law); *Johnson v. Chafee*, 469 F.2d 1216, 1220 (9th Cir.1972) (impliedly same); *Shelton v. Brunson*, 465 F.2d 144, 147 (5th Cir. 1972) (same); and *Helton v. United States*, 532 F. Supp. 813, 824 (S.D. Ga.1982) (same)). "'[I]t would be most anomalous for a judicial order to require a Government official . . . to make an extrastatutory payment of federal funds[; i]t is a federal crime, punishable by fine and imprisonment, for any Government officer or employee to knowingly spend money in excess of that appropriated by Congress.'" *Harvey*, *supra* (quoting *OPM v. Richmond*, 496 U.S. 414, 430 (1990)). As in *Harvey*, even were the Court to determine here (1) that sovereign immunity does not apply, U.S. CONST. amend. XI; Little Tucker Act, 28 U.S.C. § 1346(a)(2); (2) that the Court could entertain such arguments based on asserted contract rights; (3) that the Notice of Basic Eligibility document (R. at 28) is a contract; and (4) that VA was, as the appellant claims, acting as "the agent for the Department for the Army" (Br. at 7), the Court could not enforce such a contract, because it would be granting a benefit that "the veteran is not eligible to receive . . . under statutory law". *Harvey*, *supra*; *see also Richmond*, *Larionoff*, and *Bell*, all *supra*.

The Court notes, however, that there are additional questions raised by the Notice of Basic Eligibility document. R. at 28. Specifically, it appears that the document (1) makes eligible only reservists who "agreed to serve six years in the Selective Reserve" from "July 1, 1985[,] through June 30, 1988", (2) makes ineligible those reservists who have completed a baccalaureate degree or the equivalent, and (3) imposes a "maximum of 36 months of educational assistance". R. at 28. The Court expresses no view on the resolution of these questions in light of the above analysis.

### III. Conclusion

Upon consideration of the foregoing analysis, the ROA, and the parties' pleadings, the Court holds that the appellant has not demonstrated that the Board committed error that would warrant reversal or remand. Therefore, the Court affirms the September 14, 1999, BVA decision. AFFIRMED.