STEINBERG, Judge,
concurring in part and dissenting in part:
I concur in that portion of the majority opinion permitting the appellant to withdraw his appeal as to schizophrenia (part H.A.), and I concur in the decision of the Court to remand the claim for an earlier effective date for the award of Department of Veterans Affairs (VA) service connection for the veteran’s post-traumatic stress disorder (PTSD) (part II.C.). I do not agree with the Court’s affirmance (part II.B.) of what the Court considers to be a claim for an increased rating for PTSD. Rather, I believe that that claim is an appeal from an initial rating determination, and that the October 21, 1998, decision of the Board of Veterans’ Appeals (Board or BVA) should be vacated as to that matter as well as to the claim for an earlier effective date for the veteran’s PTSD. My reasoning follows.
I. Background
I basically agree with the relation of the facts in part I. of the Court’s opinion. However, I believe that the content of the August 1994 letter from Dr. Bennett should be set forth in greater detail, because that letter is of critical importance to the adjudication of this appeal. In that letter, Dr. Bennett explained that the “[previous diagnosis of latent schizophrenia” that had been made in 1970 “was evidently provisional at the time due to circumstances and probably a narrow range of mental disorders for disability.” Record (R.) at 370. He stated:
I have been personally involved in [the veteran’s] treatment since May 1975 and at no time ha[s he] demonstrated evidence of schizophrenia.
[The veteran has] demonstrated overt symptoms of [PTSD] since that time. This has become more evident as the medical community has progressively become more aware of [PTSD] and its ramification.

Ibid.

II. Analysis

A. PTSD Disability Rating as of 1992

1 believe that it is indisputable that the Board erred in this case by construing the veteran’s claim as one for an increased rating rather than as one based on an original claim for service connection. In September 1993, a VA regional office (RO) first determined that the veteran suffered from service-connected PTSD and assigned a 30% rating. R. at 333-38. The veteran then, in November 1993, filed a Notice of Disagreement (NOD) as to that September 1993 VARO decision; the NOD stated: “I am herewith submitting VA Form 21-4138 [, a VA Statement in Support of Claim,] for the purpose of having my disability percentage calibrated at 70% retroactive to 8/16/78.” R. at 347. After receiving the veteran’s NOD, the RO in February 1994 denied both a higher rating and an earlier effective date for the award *37 of service connection for PTSD. R. at 350. Thus, the initial RO determination as to the proper effective date and rating for the veteran’s claim of service connection for PTSD has never been resolved, and the issue before the Board in the decision on appeal was not whether he was entitled to an increased rating but rather whether he was entitled to a higher initial rating.
Because the Board mistakenly adjudicated the instant appeal as an increased-rating claim, it appears that the Board considered only the most recent evidence of record and did not consider whether, based on all of the evidence of record— especially the Global Assessment of Functioning Scores of “6, catastrophic” and “40” recorded on the August 1995 VA hospital discharge summary (R. at 493) — the veteran might have been entitled to a higher rating, or a “staged” rating under Fenderson v. West, 12 Vet.App. 119, 126 (1999). Compare Francisco v. Brown, 7 Vet.App. 55, 58 (1994) (“[wjhere entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary importance”), tuith Fenderson, supra (holding that Francisco “is not applicable to the assignment of an initial rating for a disability following an initial award of service connection for that disability” and that “staged” ratings may be assigned as to an initial rating when the rated condition shows fluctuation in severity). Hence, I would vacate the BVA decision on this issue as well, so that, on remand, the Board would be required to consider all of the evidence of record in assigning an initial rating to the veteran’s service-connected PTSD.

B. Earlier Effective Date

I agree with the majority’s conclusion that the Board’s concession that the veteran had filed a claim in January 1972 that was “sufficiently broad to specifically cover a claim for [service connection for] PTSD” (R. at 10) required the application of Fend-erson, supra, in terms of whether the veteran should be afforded a staged rating effective as early as the date of the pending 1972 claim. I write separately to set forth my rationale for reaching that conclusion in the context of the applicable law and regulation, analogous caselaw, and facts of this case.
As the majority indicates, “the effective date of an award based on an original claim ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110(a). I note as well that, pursuant to the applicable VA regulation, 38 C.F.R. § 3.400(b)(2) (1999), the effective date for an initial rating assigned as to an original claim shall be the “date of receipt of claim, or date entitlement arose, whichever is later,” unless the claim was received within one year after the claimant’s separation from military service. Thus, the majority correctly recognizes that the 1972 claim (R. at 163) “remains pending for the purposes of the assignment of an effective date for the disability that is the subject of that January 1972 claim”, ante at 34-35; see Hanson v. Brown, 9 Vet.App. 29, 31 (1996) (noting that an effective date for a claim filed in 1991 could be “anchored” in an unadjudicated claim filed in 1984).
Rather than consider the date of the January 1972 claim as the possible effective date for the award of service connection and thus as a possible effective date for any rating (staged or otherwise) assigned to that original claim, the Board concluded that the 1994 statements from three VA physicians — Dr. Henson (R. at 368 (noting that veteran’s alcohol use in 1972 “may explain” why he was “given a diagnosis at that time of schizophrenia”)), Dr. Keiter (R. at 369 (stating that veteran has “at no time ... demonstrated symptoms indicative of the diagnosis of schizophrenia”)), and Dr. Bennett (R. at 370 (“I have been personally involved in [the veteran’s] treatment since May 1975 and at no time ha[s he] demonstrated evidence of schizophrenia”)) — could “not serve to establish that the ‘facts’ existed prior to *38 1992” (R. at 12) so as to support an earlier effective date based on “facts found”, 38 U.S.C. § 5110(a); see also 38 C.F.R. § 3.400(b)(2). In concluding that these medical statements indicating, retrospectively, that the veteran’s PTSD existed in 1972 or 1975 did not comprise evidence to support a factual predicate prior to the date that those same statements were prepared, the Board failed to apply the specific language in section 5110(a) as well as to apply — or even cite to — its own regulation, 38 C.F.R. § 3.400(b)(2). Neither section 5110(a), which requires that the effective date of an initial rating assigned as to an original claim be set in accordance with either the date of the claim or “the date entitlement arose”, nor the applicable regulation, which requires that the effective date be- based on either the date of the claim or “facts found”, even suggests that the effective date is limited to the date of the actual preparation of the evidence upon which the rating is assigned.
Moreover, this Court has approved the use by the Board of retrospective medical evidence in the assignment of staged ratings. For example, in Meeks v. West, the Board had assigned an initial rating of 100% beginning in January 1985 rather than the date of the claim (in December 1969) based in part on an August 1998 medical expert opinion providing a judgment as to the level of claimed disability “shown at any given period of time between December 1969 and January 1985”. Meeks, 12 Vet.App. 352, 354, en banc review denied, 13 Vet.App. 40 (1999), aff'd, 216 F.3d 1363 (Fed.Cir.2000). The Court in Meeks affirmed that BVA decision as not clearly erroneous. Meeks, 12 Vet.App. at 355. Surely, if retrospective evidence can be considered as a basis for the denial of an earlier effective date, then retrospective evidence must be appropriate for consideration in terms of the award of an earlier effective date as well.[1]
In addition, in Savage v. Gober the Court approved the use of retrospective evidence for the purpose of a claimant’s demonstrating continuity of symptomatolo-gy in order to establish service connection under 38 C.F.R. § 3.303(b) (1999). Savage, 10 Vet.App. 488, 497 (1997) (noting that “limitations on dating and type of evidence have been found in only the few instances where there has been clear regulatory guidance to that effect” (citations omitted)). In the regulatory language in question in the instant case,[2] there is no guidance to suggest that “limitations on dating and type of evidence”, ibid., should be imposed in the present context, and, moreover, 38 U.S.C. § 7104(a) requires that Board decisions be based on “consideration of all evidence and material of record”, without limitation.
It is reasonable to interpret the applicable law and regulation as permitting the assignment of an effective date prior to the date of the creation of the three VA doctors’ 1994 statements (R. at 368-70) if such a result can be reached based on the “facts found” from the entire record on appeal. For example, if there are no facts showing that the veteran has ever in his life “demonstrated evidence of schizophrenia”, that finding of fact might support Dr. Bennett’s conclusion, based on his “personal involve[ment] in [the veteran’s] treatment since May 1975”, that the veteran has never been schizophrenic but rather has had PTSD “since that time”. R. at 370; see also R. at 369 (Dr. Keiter’s statement that the veteran has “at no time ... demonstrated symptoms indicative of the diagnosis of schizophrenia”). Similarly, if the facts show that the veteran may in fact have been misdiagnosed, based on his alco *39 hol use, as having schizophrenia in 1972, as postulated by Dr. Henson (R. at 368), then an earlier effective date may be warranted based on such facts found. Hence, the Board was required to resolve in favor of the veteran any interpretative doubt as to the possible consideration of retrospective evidence in connection with the “facts found” provision of section 5110(a). See, e.g., Dippel v. West, 12 Vet.App. 466, 472 (1999) (quoting “the injunction of the Supreme Court in Brown v. Gardner ...: ![I]nterpretive doubt is to be resolved in the veteran’s favor’”. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994)); see also Allen v. Brown, 7 Vet.App. 439, 448 (en banc) (applying Gardner to resolve interpretative doubt in veteran’s favor).
Finally, I note the Board’s erroneous citation of the Court’s opinion in Williams v. Gober, 10 Vet.App. 447 (1997), in support of its conclusion that “an effective date should not be set prior to the creation of competent evidence establishing the existence of the particular disease or injury”. R. at 11. In that case, the Court affirmed as not clearly erroneous a BVA determination that the date of a medical record of the veteran’s first admission to a hospital, which the Board found had served as an informal claim for service connection for that disability, was the appropriate effective date for a subsequent award of service connection based on that informal claim. Williams, 10 Vet.App. at 452. There, the Board found, as a matter of fact, that the date of the veteran’s hospitalization was the first point in time at which it could ascertain, based on the medical evidence of record, that the veteran actually had the disability at issue in that case. Because the medical evidence at issue in Williams was not retrospective and no medical evidence suggested an earlier manifestation of that disability, Williams does not provide support for the legal conclusion for which it was cited by the Board.
III. Conclusion
For the foregoing reasons, the BVA decision should be vacated both on the matter of the proper effective date for the award of service connection based on the veteran’s PTSD claim as well as on the matter of the proper rating for that service-connected disability and both matters remanded for readjudication consistent with Fenderson, supra.

. Indeed, to hold that 38 U.S.C. § 5110(a) requires that retrospective evidence may be used only to deny a claim for an earlier effective date but not to grant such a claim would be contrary to the principle that any interpretative doubt as to the possible meaning of a statutory provision "is to be resolved in the veteran’s favor”. Brown v. Gardner, 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994).

. Le., 38 C.F.R. § 3.400(b)(2) (1999).