﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/19 Archive Date: 10/30/19

DOCKET NO. 191016-37835
DATE: October 30, 2019

ORDER

Entitlement to nonservice-connected VA burial benefits is denied.

FINDING OF FACT

1. The Veteran died in April 2019 in a private hospital.

2. The Veteran’s body was buried at a non-VA cemetery that same month.

3. The appellant, the Veteran’s daughter, filed an application for nonservice-connected burial benefits, received by VA in June 2019.

5. At the time of his death, the Veteran was not receiving VA compensation or pension benefits and did not have a claim for compensation or pension pending.

6. The Veteran did not die while admitted to a VA facility for hospital, nursing home, or domiciliary care, or while admitted or traveling to a non-VA facility at VA expense for the purpose of examination, treatment, or care.

CONCLUSION OF LAW

The criteria for entitlement to nonservice-connected burial benefits, to include a plot or interment allowance, are not met. 38 U.S.C. §§ 2302, 2303; 38 C.F.R. §§ 3.1700-1713.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1956 to June 1960. The Veteran died in April 2019. The appellant is his adult daughter.

This matter comes before the Board of Veterans Appeals (Board) on appeal from an administrative decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) and Pension Management Center (PMC) in Waco, Texas in September 2019.

In October 2019, the appellant submitted a VA Form 10182 Decision Review Request form to appeal her claim to the Board and selected the Direct Review lane. As explained in the VA Form 10182, "direct review" means that the Board's decision must be based upon the evidence of record at the time of the prior decision, with no evidence submission or hearing request. As such, the Board has considered only the evidence of record at the time of the September 2019 decision.

An application for nonservice-connected burial and funeral expenses must be filed within two years after the burial or cremation of the veteran’s body. 38 U.S.C. § 2304; 38 C.F.R. § 3.1703(a). This time limit also applies to claims for a plot or interment allowance under 38 C.F.R. § 3.1707.

In order to pay burial benefits, VA must receive all of the following: (i) a claim, except as provided in § 3.1702(a); (ii) proof of the veteran’s death in accordance with § 3.211, Death; and (iii) for persons listed under § 3.1702(b), except as provided in § 3.1702(a), a statement certifying that the claimant incurred burial, plot or interment, or transportation costs of the deceased veteran. 38 C.F.R. § 3.1703(b).

The Veteran died in April 2019. The Veteran’s death certificate indicates that his primary cause of death was cardiopulmonary arrest; contributary causes of death are listed as septic shock and colonic infection. See Death Certificate. A review of the record indicates that the Veteran was not service connected for any disability at the time of his death.

In June 2019, the appellant submitted an application for burial benefits (VA Form 21P-530). She also submitted a copy of a bill that indicated that the Veteran’s body had been embalmed, transported, and buried in April 2019. The appellant has reported payment of a total of $400.00 for the burial and noted $4,800 for transportation costs. The appellant also submitted a receipt for two burial plots and foundation for the headstone at a cost of $1,224.00, paid for by the Veteran before death; some indication that $1,049.00 was paid for a headstone; and a Warranty Deed and Contract for Perpetual Care of the burial plot. His Certificate of Death reflects that he died at a private hospital and was buried at a non-VA cemetery in Janesville, Wisconsin. In her signed application, received in June 2019, the appellant indicated that she had incurred expenses for the Veteran’s burial. The RO acknowledged in its September 2019 decision that the appellant had provided a claim or evidence certifying that she incurred the costs. 

Thus, based on the above factual history, the claim was timely filed by the appellant. However, it is not contended, nor does the evidence otherwise show, that the Veteran’s death is service connected. The appellant’s VA Form 21P-530 received by VA in June 2019 stated that she was seeking nonservice-connected benefits. Therefore, the claim would be considered pursuant to the regulations regarding nonservice-connected burial benefits as set forth in 38 C.F.R. § 3.1705. This regulation provides that a burial allowance is payable for a veteran who, on the date of his or her death: (1) was receiving VA pension or disability compensation; (2) would have been receiving disability compensation but for the receipt of military retired pay; or (3) had a pending claim for benefits, a claim to reopen a previously denied claim, or a claim involving substitution, any of which if processed to completion would result in a grant of benefits. 38 C.F.R. § 3.1705(b).

At the time of his death in April 2019, the Veteran was not in receipt of VA compensation or pension benefits, nor was a claim for such pending at the time of his death. With only 4 years of active service ending at age 22, it is not shown that he was in receipt of military retirement pay, and nothing in the evidence of record indicates that the Veteran would have received disability compensation but for the receipt of military retired pay.

A burial allowance is also warranted for a veteran who died while hospitalized by VA or who died while traveling under proper prior authorization, and at VA expense, to or from a specified place for purpose of examination, treatment, or care. 38 C.F.R. § 3.1706. Here, as reflected by the death certificate, the Veteran died while an inpatient in a private hospital. There is nothing in the evidence of record to indicate that the hospital admission was authorized by VA.

Thus, as can be seen above, although there are circumstances in which payment for burial expenses may be made, because the Veteran was not hospitalized at VA expense at the time of death, those circumstances are not present in this case. Also, the Veteran was not in receipt of VA monetary (compensation or pension) benefits, nor was a claim for such pending at the time of his death. The Veteran would not have been receiving disability compensation but for the receipt of military retired pay, either. Therefore, burial benefits are not warranted.

While the appellant has not provided any argument as to why she is entitled to burial benefits, consideration has been given to her belief that she is eligible to receive burial benefits. However, federal laws authorizing monetary benefits are enacted by Congress, and, unless an individual meets all of the requirements of a particular law, he or she is not entitled to the benefit; indeed the benefit cannot be awarded, notwithstanding incomplete or even erroneous information provided, and regardless of the circumstances or claims of fairness. See Davenport v. Principi, 16 Vet. App. 522 (2002). Any erroneous or misleading information the appellant may have been provided cannot create a right to the benefit.

Under these circumstances, entitlement to nonservice-connected burial benefits is not warranted. The Board acknowledges and appreciates the Veteran’s honorable military service and is sympathetic to the loss his family has suffered. The payment of burial benefits, however, is strictly based on specific statutory and regulatory guidelines, which have not been met in this case. In conclusion, the evidence does not indicate that the conditions for burial benefits, as set forth in 38 C.F.R. § 3.1700 et seq., have been met. There is no legal entitlement to a burial allowance; and the appeal must be denied.

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Banks, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.